UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00278

**Kimberly Banfield Foreman,**
*Plaintiff,*

v.

**City of Tyler, Texas, Water Utilities et al.,**
*Defendants.*

## OPINION AND ORDER

The court referred this case to Magistrate Judge John D. Love. Doc. 3. On August 5, 2024, the magistrate judge issued an order highlighting deficiencies in plaintiff's complaint, raising concerns about who was actually prosecuting the lawsuit, and directing plaintiff to respond. Doc. 4. The court thus notified plaintiff of its intent to dismiss the complaint and provided an opportunity to respond. *Id.* (first citing *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014); then *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); and then *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)). Plaintiff filed a timely response on September 4, 2024. Doc. 6. On September 5, 2024, the magistrate judge issued a report recommending that plaintiff's claims against defendants be dismissed without prejudice as frivolous and for failure to state a claim. Doc. 7. Plaintiff's son, Kent Taylor Foreman, filed a motion for leave to file an amended complaint (Doc. 8), as well as an amended complaint (Doc. 9). He also filed objections to the court's report and recommendation (Doc. 10) and a notice of affidavits (Doc. 11).

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, Act of May 7, 2009, Pub. L.

111-16, § 6(1), 123 Stat. 1607, 1608 (extending the time to file objections from 10 to 14 days).

    The filings made after the report and recommendation confirm the magistrate judge's concern about who is actually bringing the lawsuit. Specifically, it appears that the named plaintiff, Kimberly Banfield Foreman, has not been filing any of the documents in this case. Instead, it appears to be her son. Doc. 8 at 1. A search of the Texas State Bar's website returns no results for any Kent Taylor Foreman licensed to practice law. Mr. Foreman is prohibited from proceeding pro se on behalf of plaintiff Kimberly Banfield Foreman unless the case is his "own." *See* 28 U.S.C. § 1654 (permitting parties to "plead and conduct their own cases personally or by counsel"); *Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (stating that a party "cannot be represented by a nonlawyer"). Mr. Foreman has not cited any federal or state law, and the court is unaware of any, that authorizes him to proceed on behalf of his mother in this action. Nor has he provided any basis to proceed as "next friend." *See Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law."). Regardless, the Fifth Circuit has held that dismissal of a patently frivolous claim does not require a response from the pro se litigant, and the court may dismiss any such claim without prejudice without first considering whether the pro se litigant is qualified to bring the suit. *Raskin*, 69 F.4th at 287.

    Here, despite many filings, the basis for this lawsuit remains unclear. For example, the proposed amended complaint lists 10 causes of action with little factual support. Doc. 9. Even with pro se litigants, "conclusory allegations or legal conclusions masquerading as factual conclusions" are insufficient. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conf. v. Sup. Ct. of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). Indeed, the brief factual background in the amended complaint demonstrates that the claims are frivolous. Plaintiff alleges

that, by providing her signature and social security number to the city, she paid for her utility account in full and that the city's demand for payments on that account constitutes, among other things, unjust enrichment. Doc. 9 at 2. She also alleges that she is a "sovereign individual[]," to whom the application of city ordinances is unconstitutional. *Id.*; *see Westfall v. Davis*, No. 7:18-cv-00023, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018) ("These arguments derive from the so-called 'sovereign citizen movement' and are legally frivolous."). Sovereign citizens often attempt to use these techniques to "avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). "Courts routinely dismiss such claims early in the proceedings." *Vargas v. Sanchez*, No. 2:22-cv-00082, 2022 WL 18864880, at *2 (S.D. Tex. June 28, 2022), *report and recommendation adopted*, No. 2:22-cv-00082, 2023 WL 2249978 (S.D. Tex. Feb. 27, 2023).

Given the nature of the filings in this case, plaintiff's objections (Doc. 10) that the magistrate judge mischaracterized the record in trying to decipher the convoluted pleadings in this matter are without merit. Moreover, plaintiff's objection to the magistrate judge's involvement in the case is meritless. Under 28 U.S.C. § 636(b)(1), this court has the authority to refer pretrial matters to a magistrate judge for the magistrate judge to determine or, for certain types of matters, to submit findings and recommendations to the district court. Consistent with his authority, the magistrate judge conducted an initial screening of the pleadings on his own initiative. *See Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991); *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007). The magistrate judge therefore had the authority to screen the pleadings, find them meritless, and recommend that this court dismiss the claims.

Accordingly, plaintiff's objections are without merit. The court accepts the report and recommendation (Doc. 7). Fed. R. Civ. P. 72(b)(3). Plaintiff's claims are dismissed without prejudice. All pending motions are denied.

*So ordered by the court on October 21, 2024.*

_____
J. CAMPBELL BARKER
United States District Judge